IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CT-3203-D

JAMES M. SMITH, )
)
        Plaintiff, )
)
v. ) **ORDER**
)
CELIA VISSER, et al., )
)
        Defendants. )

On August 11, 2014, James M. Smith ("plaintiff" or "Smith"), then a pretrial detainee[1] proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. Smith proceeds in forma pauperis [D.E. 3, 6].

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)–(b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Smith, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

---

[1] On December 5, 2014, Smith was convicted in Wake County Superior Court of attempted first-degree murder. See N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1445281&searchOffenderId=1445281&listurl=pagelistoffendersearchresults&listpage=1 (last visited Apr. 20, 2015).

by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

"To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, a section 1983 plaintiff must allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 677; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–94 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Smith alleges that on September 14, 2013, "somewhere between the hours of 7 + 10 PM," he was heading home from his children's football game when he was "pulled over . . . and taken into custody at gun point by men who only identified themselves as Raleigh P.D.'s Fugitive Task Force." Compl. [D.E. 1] 4. The officers searched Smith's home and his girlfriend's vehicle, and arrested him. Id. 4–5. Officers arrested Smith pursuant to a warrant, which defendant Jackson, a magistrate judge, "signed off on . . . [without] proof or evidence of [Smith's] involvement." Id. 5. "After arriving at what may or may not have been Raleigh Police Department," Smith was "questioned about a shooting incident in which [he] immediately denied any involvement." Id. Smith "was

charged with Attempted Murder, Assault with a deadly weapon with intent to kill and/or inflict serious injury, and firearm by felon." Id. Smith "consistently pushed the issue of [his] innocen[c]e to" his attorney, defendant Visser, "who has mishandled this issue since being assigned to it." Id. In addition to Visser and Jackson, Smith names as defendants an assistant district attorney, an officer and a detective with the Raleigh Police Department, and the "RPD Fugitive Task Force[.]" Id. 2–4. Smith seeks monetary damages. Id. 5.

To the extent Smith challenges any aspect of the pending criminal proceedings against him, he must plausibly allege that the underlying "conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . , or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

Smith alleges that there is no evidence "that suggests [he] had any involvement in any criminal activity whatsoever," Compl. 5, but has failed to make the allegations that Heck requires. Smith must challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Ballenger v. Owens, 352 F.3d 842, 845–47 (4th Cir. 2003); Antonelli v. Foster, 104 F.3d 899, 900–01 (7th Cir. 1997); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (per curiam). Thus, the claim is dismissed as frivolous.

Smith has also named several defendants who are immune from or otherwise not amenable to suit. As for defendant Visser, defense attorneys do not act under color of state law when performing traditional functions as counsel and, therefore, are not amenable to suit under section

3

1983 for such actions, whether privately retained, appointed by the state, or employed as public defenders. See, e.g., Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154, 1155–56 (4th Cir. 1980); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam). As for defendant Jackson, magistrate judges are entitled to absolute immunity for acts performed in their judicial capacity. See Pressly v. Gregory, 831 F.2d 514, 517 (4th Cir. 1987); Timmerman v. Brown, 528 F.2d 811, 813–14 (4th Cir. 1975). Prosecutors such as defendant Lively are absolutely immune from suit for acts carried out in the judicial phase of their prosecutorial functions, including initiating a judicial proceeding or appearing in court. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342–43 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 269–70 (1993); Imbler v. Pachtman, 424 U.S. 409, 430 (1976). Thus, the court dismisses as frivolous plaintiff's claims against these defendants.

In sum, the court DISMISSES WITHOUT PREJUDICE any claim concerning the criminal proceedings against plaintiff, and DISMISSES AS FRIVOLOUS all remaining claims. The clerk shall close the case.

SO ORDERED. This 20 day of April 2015.

JAMES C. DEVER III
Chief United States District Judge